[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 22, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11451
Non-Argument Calendar

_____

D. C. Docket No. 03-00685-CR-WBH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DESAUSSURE BREWER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 22, 2005)

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Desaussure Brewer, a federal prisoner, appeals his conviction for possession

of heroin with intent to distribute, in violation of section 2 of Title 18 and sections

841(a)(1) and (b)(1)(B)(I) of Title 21 of the United States Code. Brewer argues that the district court committed reversible error under Federal Rule of Evidence 404(b) when it admitted evidence of Brewer's previous heroin distribution conviction. Because the evidence of Brewer's previous conviction was probative of Brewer's intent and the probative value of the evidence was not substantially outweighed by the prejudice to Brewer, the district court did not abuse its discretion when it admitted Brewer's previous conviction. We affirm.

## I. BACKGROUND

In October 2003, officers of the Atlanta Police Department arrested Henry Terry when Terry attempted to make a heroin sale to a confidential informant. The officers found over ten grams of heroin in Terry's possession. After questioning, Terry informed the officers that there was more heroin at his home and consented to a search of the house.

When they approached Terry's residence, the officers saw Brewer sitting in a room near the front door. After the officers knocked on the door, Brewer answered. When asked for identification, Brewer slammed the door on an officer's hand. Brewer was arrested for obstructing an officer.

Inside the residence, the officers noticed a strong smell of vinegar and observed drug packaging materials and what appeared to be heroin. After they had

2

obtained a search warrant, the officers searched the house and found approximately 100 grams of heroin, packaging materials, and digital scales. In the room where Brewer had been sitting, the officers found approximately 62.5 grams of heroin, a set of scales, a razor blade, small baggies, and mail and other documents addressed to Brewer. After the search, the officers noted that Brewer appeared to be under the influence of drugs. Brewer told the officers that he was addicted to heroin and was taking methadone to end the addiction.

Terry and Brewer were indicted in a two count indictment for possession with intent to distribute heroin. Brewer's case proceeded to trial, at which Brewer presented a "mere presence" defense. Because Brewer's intent was at issue, the government sought to introduce evidence of Brewer's 1991 conviction for possession of heroin with intent to distribute under Federal Rule of Evidence 404(b) in addition to the offense conduct. The district court admitted the 404(b) evidence over defense counsel's objection because the court concluded that the previous conviction was probative of intent and the probative value was not substantially outweighed by its prejudicial effect. The district court gave a limiting instruction and informed the jury that it could consider the age of the previous conviction to decide whether it showed intent. The jury convicted Brewer on Count Two of the indictment and acquitted him on Count One.

3

After a sentencing hearing, the district court sentenced Brewer to 90 months of imprisonment and six years of supervised release. The district court also imposed a monetary assessment of $100 and a fine of $7200. Brewer appeals the admission of his previous conviction as evidence.

## II. STANDARD OF REVIEW

We review the rulings of the district court on the admissibility of evidence for abuse of discretion. United States v. Abraham, 386 F.3d 1033, 1035 (11th Cir. 2004). We will reverse the district court only if any error was not harmless. United States v. Church, 955 F.2d 688, 700 (11th Cir. 1992). "An error is harmless unless there is a reasonable likelihood that [it] affected the defendant's substantial rights." United States v. Hands, 184 F.3d 1322, 1329 (11th Cir. 1999) (internal quotation marks and citation omitted).

## III. DISCUSSION

Rule 404(b) provides that evidence that the defendant committed other crimes or bad acts is not admissible to prove that the defendant acted in conformity with his past behavior. Evidence of other bad acts is admissible for other purposes, such as to prove motive, opportunity, or intent:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge,

4

identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b).

To be admissible under Rule 404(b), evidence of other crimes or bad acts must meet a three part test. United States v. Miller, 959 F.2d 1535, 1538 (11th Cir. 1992) (en banc). First, the evidence must be "relevant to an issue other than the defendant's bad character." Id. "Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act." United States v. Delgado, 56 F.3d 1357, 1365 (11th Cir. 1995). Finally, "the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." Miller, 959 F.2d at 1538.

Brewer erroneously argues that the admission of the Rule 404(b) evidence was erroneous because the evidence was not necessary to prove intent and because the probative value of the evidence was substantially outweighed by the prejudice that would result from its admission. The evidence of Brewer's previous conviction was relevant to prove Brewer's intent, which Brewer made a material issue by pleading not guilty. Delgado, 56 F.3d at 1365. The government may meet its burden to show intent "with qualifying 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." Id. Brewer did not take

affirmative steps to remove intent as an issue, and, when Brewer argued a "mere presence" defense, "the 404(b) evidence . . . was necessary to dispel [Brewer's] 'innocent explanation for his presence.'" United States v. Matthews, 411 F.3d 1210, 1227 (11th Cir. 2005).

The 404(b) evidence was not unduly prejudicial. "[T]he greater the government's need for evidence of intent, the more likely that the probative value will outweigh any possible prejudice." Id. at 1366 (internal quotation marks and citation omitted). Because Brewer maintained a "mere presence" defense, the government was forced "to prove [Brewer's] criminal intent so as to negate any innocent explanation for his presence." Id. at 1365. Furthermore, as Brewer acknowledges, the evidence against him was relatively weak, and his mere presence at the scene of criminal activity was insufficient to support a finding of guilt. See United States v. Leonard, 138 F.3d 906, 909 (11th Cir. 1998). The need for the 404(b) evidence, therefore, was great and its probative value was not substantially outweighed by its prejudicial effect. "[We have] found that extrinsic drug offenses do not tend to incite a jury to an irrational decision," Delgado, 56 F.3d at 1366, and the district court instructed the jury twice on the limited purpose of the 404(b) evidence and the weight that could be given to its temporal remoteness.

6

## IV. CONCLUSION

Because the evidence of Brewer's previous conviction was relevant to his intent and the probative value of the evidence was not substantially outweighed by its prejudicial effect, the district court did not abuse its discretion when it admitted the evidence at trial.

**AFFIRMED.**